1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SAMMY R. QUAIR, SR.,

11        Plaintiff,                    No.  2:11-cv-02294 KJN P

12        vs.

13   CAPTAIN KORY HONEA, et al.,

14        Defendants.                   ORDER

15   _____/

16        Plaintiff is a former Butte County Jail detainee proceeding. without counsel, in

17   this civil rights action filed pursuant to 42 U.S.C. §§ 1983 and 1985.  On December 13, 2011, an

18   official with the Butte County Sheriff's Office informed the court that plaintiff was released from

19   jail, sentence served, on November 21, 2011.  (See Dkt. No. 19, 20.)  Plaintiff has not informed

20   the court of his change of address, as he is required to do, pursuant to Local Rule 183(b), which

21   provides:

22            **(b)  Address Changes.**  A party appearing in propria persona shall
              keep the Court and opposing parties advised as to his or her current
23            address.  If mail directed to a plaintiff in propria persona by the
              Clerk is returned by the U.S. Postal Service, and if such plaintiff
24            fails to notify the Court and opposing parties within sixty-three
              (63) days thereafter of a current address, the Court may dismiss the
25            action without prejudice for failure to prosecute.

26

1

1   It is plaintiff's responsibility to keep the court apprised of his current address at all times.

2   Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully

3   effective.

4           The court will direct service of this order on plaintiff at the Butte County Jail,

5   plaintiff's last known address.  Officials there are requested to forward the order to plaintiff's

6   current address, if available.  Should plaintiff timely respond to this order, by filing a notice of

7   change of address, the court will order service of process on the defendants named in plaintiff's

8   complaint.

9           However, the court denies each of plaintiff's motions that address his various

10  concerns at the Butte County Jail.  The court also denies plaintiff's request for appointment of

11  counsel.  The United States Supreme Court has ruled that district courts lack authority to require

12  counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court,

13  490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

14  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

15  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In

16  the present case, the court does not find the required exceptional circumstances.

17          Accordingly, IT IS HEREBY ORDERED that:

18          1.  Plaintiff is directed to file a notice of change of address within thirty days after

19  service of this order at plaintiff's last known address.

20          2.  Plaintiff's motions addressing conditions of confinement at Butte County Jail

21  (Dkt. Nos. 7, 12, and 15), are denied.

22          3.  Plaintiff's request for appointment of counsel (Dkt. No. 18), is denied.

23          SO ORDERED.

24  DATED:  December 27, 2011

    _____
    KENDALL J. NEWMAN
25  UNITED STATES MAGISTRATE JUDGE

26  quai2294.ord

                                        2